OPINION
Defendant-appellant Stacey L. Becker ("Becker") brings this appeal from the judgment of the Auglaize County Municipal Court denying Becker's motion to suppress.
On December 16, 2000, a patrolman with the St. Mary's Police Department observed Becker's vehicle drive through marked parking spaces on Spring Street. The patrolman then stopped Becker and cited her for driving under the influence of alcohol while underage. On December 21, 2000, Becker filed a motion to suppress. A hearing was held on the motion on March 28, 2001. On April 2, 2001, the trial court entered judgment overruling the motion. It is from this judgment that Becker appeals.
Becker raises the following assignment of error.
 The trial court committed error when it failed to sustain Becker's motion to suppress and found that the stop was lawful.
The review of a motion to suppress involves a mixed question of law and fact. State v. Norman (1999), 136 Ohio App.3d 46, 735 N.E.2d 953. We are required to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Then, accepting those facts as true, we independently determine as a matter of law whether the applicable legal standard is met. Id.
"It is well settled that before stopping a vehicle, a law enforcement officer must have reasonable suspicion, based on specific and articulable facts that an occupant is or has been engaged in criminal activity. Id. at 52-53, 735 N.E.2d at 957. In a stop where the officer has observed a traffic violation, the stop is constitutionally valid. Dayton v. Erikson
(1996), 76 Ohio St.3d 3, 665 N.E.2d 1091. Here, The officer testified that the driving lane was marked with a solid white line on the right-hand side and the parallel parking spaces were marked with horizontal lines. The officer also testified that he saw Becker driving for a considerable distance in the parking lane rather than the driving lane. This testimony supports the trial court's finding that Becker was not driving in the correct lane of traffic. Since the officer observed a possible violation of traffic laws, the stop was based upon specific and articulable facts giving the officer reasonable suspicion that criminal activity was occurring. Thus, the stop was not unreasonable and the assignment of error is overruled.
The judgment of the Municipal Court of Auglaize County is affirmed.
WALTERS, P.J. and SHAW, J., concur.